**TICOR TITLE INSURANCE COMPANY, Plaintiff-Respondent,**

v.

**LAND CLEARANCE FOR REDEVELOPMENT AUTHORITY OF KANSAS CITY, Missouri, Defendant-Respondent,**

**and**

**EDM Development Corporation, Defendant-Appellant.**

No. WD 38630.

Missouri Court of Appeals, Western District.

May 12, 1987.

Gordon R. Gaebler, Richard W. Mason, Kansas City, for defendant-appellant.

Joseph Lee Stokely, Kansas City, for Ticor Title Ins. Co.

David A. Welte and Cathy J. Dean, Polsinelli, White, Vardeman & Shalton, Kansas City, for Land Clearance for Redevelopment.

Before LOWENSTEIN, P.J., and PRITCHARD and TURNAGE, JJ.

TURNAGE, Judge.

Ticor Title Insurance Company brought this interpleader action to determine what portion, if any, EDM Development Corporation was entitled to of a condemnation award. The trial court entered summary judgment in favor of the condemnor, Land Clearance for Redevelopment Authority of Kansas City [LCRA], declaring EDM had no interest in the award. EDM appeals, arguing that an affidavit and exhibits it filed created a genuine issue of material fact precluding summary judgment.

Affirmed.

EDM entered into a Memorandum of Understanding dated March 19, 1984 outlining a plan to form a limited partnership for "[h]istoric rehabilitation of the *Virginia Hotel*" (emphasis in original). The memorandum was in a summary form, with few complete sentences, and consisted primarily of a list of items described as "[t]he basic strategy." The list tentatively identified the general partners in the partnership (one partner was listed as a "possible fourth general partner"); the business of the Partnership; duties of the general partners; the schedule for development; and "preliminary pro forma" estimates of costs and income. One of the partners listed was Arnold Garfinkel; Garfinkel was apparently a general partner of 1100 Penn Associates, a limited partnership that owned the Virginia Hotel, although nothing was said of this connection in the Memorandum of Understanding. Garfinkel signed the Memorandum. Nothing in the Memorandum of Understanding purported to address compensation of the partners; their respective capital contributions or rights to partnership income; or who owned or would own the Virginia Hotel property.

On August 1, 1984, EDM filed a "Notice of Contract" with the Recorder of Deeds' Office, giving notice that it had entered into a partnership agreement dated March 19, 1984 with 1100 Penn Associates for rehabilitating the Virginia Hotel and that it claimed an equitable right, claim or lien on the hotel due to its contract.

After the Notice of Contract was filed, on October 10, 1984, LCRA filed a petition to condemn the Virginia Hotel property, but failed to join EDM.[1] Final judgment assessing the value of the hotel was entered. LCRA agreed to sell the Hotel to Quality Hill Historic Rehabilitation Associates, Ltd., to deliver title free of all encum-

---

1. LCRA concedes that it failed to name EDM as a party to the condemnation suit, though it

brances, and to provide an owner's title insurance policy, free of all exceptions. However, the proposed title insurer, Ticor, would not commit to issue a policy without an exception for EDM's claimed interest. In order to obtain the policy without the exception, the parties arranged for EDM to state its maximum claim against the property. LCRA then delivered the amount of the maximum claim to Ticor, to hold in escrow pending determination of EDM's rights. Ticor then filed this interpleader, naming LCRA and EDM as claimants for the fund.

The court then entered summary judgment for LCRA.

The question before the court is whether EDM raised a factual question regarding whether it had any compensable interest in the condemned property.

The test for whether a claimant has a compensable interest in property is set forth in *Millhouse v. Drainage District No. 48*, 304 S.W.2d 54, 58 (Mo.App.1957):

> *What is a compensable interest in condemnation?*
> The interest held, the property for which compensation must be rendered ... must consist of some definite right of domination in and over the physical thing, such as the right of user, or exclusion, or disposition (emphasis in original).

■ The Memorandum of Understanding gave EDM no rights whatsoever in the condemned property. It gave EDM nothing but obligations to the other partners. The questions of compensation, division of profits, and ownership of the subject property were left to be settled another day. There is simply no basis in the memorandum to conclude that EDM acquired any compensable interest in the Virginia Hotel under the rule in *Millhouse*.

■ EDM's President filed an affidavit in connection with the motion for summary judgment stating that EDM "incurred costs, expenses and fees and performed the services of site inspection, construction sur-

vey, historical restoration feasibility, preliminary space programming, construction scheduling, construction estimate, leasing commitments, financial feasibility studies, alternative parking, legal counsel consultation and fees, travel, computer usage and other incidental office and overhead expenses as a part of the redevelopment project to which it was entitled to be reimbursed the reasonable value thereof." Thus, EDM seems to be making a claim based on quantum meruit for services performed for 1100 Penn Associates. Without confronting the many thorny questions that would stand in the way of such a claim, it suffices to say that there is no evidence in the record that such claim was ever adjudicated against 1100 Penn Associates or had in any way become a lien on the hotel at the time the condemnation petition was filed. To be a compensable interest, the interest must be shown to have existed at the time the condemnation proceedings were filed. *Millhouse*, 304 S.W.2d at 60. Although the memorandum which was filed is conceded to have been sufficient to put LCRA on notice that EDM claimed some interest in the hotel, EDM did not show in this proceeding that it had a compensable interest. The most that can be said is that EDM might have hoped for a lien, but none is shown to have existed at the filing of the condemnation petition.

EDM does not point to any genuine issue of fact that is material to the outcome of this case. Therefore, entry of summary judgment was appropriate.

There being no evidence in the record that EDM had any compensable interest in the property at the time the condemnation petition was filed, the judgment is affirmed.

All concur.

---

should have, based on the notice of contract that was filed. However, the question presented is not whether EDM should have been named in the suit. The question, rather, is whether EDM is entitled to any payment from LCRA. LCRA

agrees that if EDM has a compensable interest, it will have to pay the value of that interest, even though it has already paid the amount found to be the full market value of the hotel.